IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ALLYSON YUKECH**<br>8009 Spartan Drive<br>Youngstown, Ohio  44501<br><br>　　　　Plaintiff,<br><br>v.<br><br>**CALIFORNIA TRANSPORT LLC**<br>**d.b.a. PRIORITY SOLUTIONS GROUP**<br>c/o Its Statutory Agent<br>Dominick Brown<br>P.O. Box 10205<br>Prichard, Alabama  36610<br><br>and<br><br>**EDMON DEON HOLLOWAY**<br>27642 U.S. Highway 98<br>Daphne, Alabama  36526<br><br>　　　　Defendants. | Case No.: _____<br><br>JUDGE _____<br><br><br><br>**COMPLAINT**<br>**WITH JURY DEMAND ENDORSED**<br>**HEREON** |

　　　　Plaintiff, Allyson Yukech, by and through her attorney, files this Complaint and Jury Demand against the defendants and states as follows:

**THE PARTIES**

　　　　1.　　　　Plaintiff, Allyson Yukech, was and is a resident and citizen of the State of Ohio.

　　　　2.　　　　Defendant, California Transport LLC, doing business as Priority Solutions Group ("CT"), is an Alabama limited liability corporation. CT's principal place of business

1

is at 823 Dumaine Road, Mobile, Alabama, 36610.  CT is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce.  CT is registered with the Federal Motor Carrier Safety Administration (USDOT No. 2359790) and, according to public documents from the Alabama Secretary of State, has designated Dominick Brown, located at P.O. Box 10205 Prichard, Alabama 36610, as its agent for service of process under 49 C.F.R. § 366.

3. Defendant, Edmon Deon Holloway ("Driver"), was operating a commercial motor vehicle (2000 Freightliner) on the highway in the transportation of property and is a resident and citizen of the State of Alabama.  He can be served with process at 27642 U.S. Highway 98, Daphne, Alabama 36526.

4. Driver has been issued a citation for the within crash pursuant to O.R.C. Section 4511.33A1, Driving in Marked Lanes.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is properly conferred under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**FIRST CAUSE OF ACTION**

**Negligence Claims Against Defendant, Edmon Deon Holloway**

7. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

2

8. On or about October 29, 2019, Driver was parked off the northbound lanes of I-71 in Morrow County, in a lane designated as a crash recovery zone, berm, or shoulder.

9. At the same time, Plaintiff was traveling in the right most lane of northbound I-71 when Driver improperly entered the right most lane of I-71 northbound from the berm, cutting of Plaintiff's assured clear distance ahead. Plaintiff was unable to avoid striking Defendants' trailer.

10. Driver had a duty to:

   a. operate his semi-tractor trailer in a safe and reasonable manner;

   b. obey all traffic laws including ascertaining whether movement is safe and clear of traffic as required by O.R.C. 4511.33A1;

   c. yield to approaching traffic as required by O.R.C. 4511.44;

   d. maintain control of his tractor-trailer; and

   e. obey all Federal Motor Carrier Safety Regulations.

11. On October 29, 2019, Driver failed in the above-mentioned duties and is, therefore, negligent, and negligent *per se* or *prima facie* negligent.

12. Driver's negligence was a direct and proximate cause of Plaintiff's injuries.

13. As a direct and proximate result of the negligence of Driver, Plaintiff was caused to suffer serious and permanent injuries to her body, including but not limited to her head, loss of consciousness, traumatic brain injury, lacerations to her pancreas and liver, permanent scaring on her nose, face and body, deviated septum, left hip dislocation, right femur fracture, low back, neck, bilateral shoulder injuries, post-traumatic stress disorder, anxiety and depression and injuries to other parts of her body,

resulting in the need for medical care and treatment and numerous surgeries. Further, Plaintiff was caused to endure conscious pain and physical suffering, shock to her entire nervous and physical systems, and an inability to engage in her usual activities, all as a direct and proximate result of the negligent of Driver.

14. Plaintiff states that as a direct and proximate result of Driver's negligence, she has incurred hospital and medical expenses and will continue to incur medical expenses into the indefinite future an amount to be proven at trial.

15. Plaintiff further states that as a direct and proximate result of Driver's negligence, she has sustained a wage loss, vocational limitations, and a permanent impairment to her future earning capacity, and was and remains unable to engage in her usual occupation, thereby sustaining a loss of income in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**Vicarious Liability of Defendant California Transport LLC,
d.b.a. Priority Solutions Group**

16. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

17. At all relevant times, Driver was the employee, agent, servant, or independent contractor for CT. Driver was in the course and scope of his employment at the time of the collision, or in the alternative, under the control of CT. Accordingly, CT is vicariously liable for the acts of Driver as described action herein.

18. Regardless of the employment or agency relationship, CT is an interstate motor carrier, is registered with the United States Department of Transportation and is holder of USDOT No. 2359790. Therefore, CT is responsible for the acts of Driver.

4

## **THIRD CAUSE OF ACTION**

### **Negligence— Defendant California Transport LLC, d.b.a. Priority Solutions Group**

19. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

20. CT had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Driver, to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. CT had a duty to exercise reasonable care in all its actions and omissions.

21. CT had a duty to instruct, train and create policies and a safety culture that ensured its drivers operated its vehicles safely, including properly entering active lanes of travel and yielding to approaching traffic.

22. CT had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

23. CT failed in the above-mentioned duties and was, therefore, negligent.

24. CT's negligence was a direct and proximate cause of the injuries and damages sustained by Plaintiff described in this Complaint.

**WHEREFORE**, Plaintiff respectfully requests judgment in Plaintiff's favor and against all defendants, jointly and severally, in an amount that is just and fair and in excess of seventy-five thousand dollars, exclusive of costs and interest, in addition to costs and other relief that this Honorable Court deems just under the circumstances.

        Respectfully submitted,

/s/ Ellen M. McCarthy
Ellen M. McCarthy, Esq. (0046757) Trial Attorney
Andrew R. Young, Esq. (0071543)
D. J. Young, III, Esq. (0071839)
The Law Firm for Truck Safety, LLP
31387 Lorain Road
Cleveland, Ohio  44070
O: (216) 961-3932
F: (216) 647-0458
Ellen@TruckAccidents.com
Andy@TruckAccidents.com
DJ@TruckAccidents.com

Attorney for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all triable issues.

/s/ Ellen M. McCarthy
Ellen M. McCarthy, Esq. (0046757) Trial Attorney
Andrew R. Young, Esq. (0071543)
D. J. Young, III, Esq. (0071839)
The Law Firm for Truck Safety

Attorney for Plaintiff