IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALLYSON YUKECH,

      Plaintiff,

  v.                                    Civil Action 2:20-cv-5804
                                        Chief Judge Algenon L. Marbley
                                        Magistrate Judge Jolson

CALIFORNIA TRANSPORT, LLC, et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint. (Docs. 36, 38). The case arises out of a traffic accident, and Plaintiff requests to amend her Complaint to add that the driver of the other vehicle had a duty under Ohio law "to avoid operating the tractor trailer at such an unreasonably slow speed[.]" (Doc. 36 at 1). Defendants oppose and say that granting leave to amend would be unduly prejudicial. (Doc. 39). For the following reasons, Plaintiff's Motion (Doc. 36) is **GRANTED**. Plaintiff is **ORDERED** to file her Amended Complaint **on or before November 3, 2022**.

**I.    STANDARD**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

But there is more. Because Plaintiff has moved to amend after the deadline for amendment (Doc. 20), the Court must also consider "the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiff must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003).

## II. DISCUSSION

Plaintiff has satisfied the requirements of Rules 15 and 16. Because it is a higher bar, the Court addresses Rule 16 first.

The touchstone of the Rule 16 inquiry is whether a party has been diligent in seeking leave to amend. Defendant says no because Plaintiff had all relevant discovery related to the driver's alleged slow speed roughly nine months ago. (Doc. 39 at 5). Yet the Court is satisfied that Plaintiff acted diligently and that there is good cause for amendment. Notably, a plaintiff's "possession of relevant information prior to the amendment deadline is only one factor 'tending to show a lack of diligence.'" *Landstar Ranger, Inc. v. The City of Delaware*, No. 2:22-CV-02008, 2022 WL 7322274, at *3 (S.D. Ohio Oct. 13, 2022) (quoting *NOCO Co. v. Lapidus*, No. 21-CV-900, 2022 WL 1803039, at *2 (N.D. Ohio June 2, 2022)). Further, amending a complaint to cure pleading deficiencies is "entirely proper." *Id.* "The spirit of the Federal Rules of Civil Procedure expresses a preference for resolution of cases on the merits and requires liberal amendment allowances rather than deciding cases on technicalities or pleading errors." *Slay v. IB Travelin*, Inc., No.

218CV02728SHMTMP, 2021 WL 2144333, at *5 (W.D. Tenn. May 26, 2021) (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962)).  Considering the overall progression of the case, the Court finds that Plaintiff was diligent enough in seeking leave to amend.

Turning to Rule 15, the Court finds that undue delay, undue prejudice, bad faith, futility, or failure to cure deficiencies by previous amendment do not outweigh the liberal policy in favor of amendment.  While the Court appreciates Defendant's frustration in Plaintiff seeking leave to amend nearly two years after filing her initial Complaint and nearly four months after Defendants filed their Motion for Summary Judgment, these litigation burdens are not unduly prejudicial.  Notably, Defendants have already responded to the legal issue in their Reply Brief to their Motion for Summary Judgment.  (Doc. 36 at 3).  Further, no additional discovery is needed on the question of slow speed.  As such, permitting amendment will not unduly prejudice Defendants.

## II.     CONCLUSION

Plaintiff's Motion for Leave to File Amended Complaint (Doc. 36) is **GRANTED**. Plaintiff is **ORDERED** to file her Amended Complaint **on or before November 3, 2022**.

IT IS SO ORDERED.


Date:  October 27, 2022              /s/ Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE