IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALLYSON YUKECH, | : |
| | : |
| Plaintiff, | : |
| | : Case No. 2:20-cv-05804 |
| v. | : |
| | : Chief Judge Algenon L. Marbley |
| CALIFORNIA TRANSPORT LLC d/b/a | : Magistrate Judge Kimberly A. Jolson |
| PRIORITY SOLUTIONS GROUP, *et al.*, | : |
| | : |
| Defendants. | : |

**OPINION & ORDER**

This matter comes before the Court on Defendants' Motion for Bifurcation (ECF No. 53). This case centers on a car accident involving Plaintiff Allyson Yukech and Defendant Edmon Deon Holloway, who was operating a tractor-trailer on behalf of his employer, Defendant California Transport LLC d/b/a Priority Solutions Group.  Yukech suffered severe injuries from the accident, which she alleges was caused by Holloway's negligence.  Defendants now move to bifurcate the liability and damages phases of the trial, which is set for July 10, 2023.

Pursuant to Rule 42, this Court "may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for the sake of "convenience, to avoid prejudice, or to expedite and economize" the trial.  FED. R. CIV. P. 42(b).  The Sixth Circuit has observed that "[t]he principal purpose of the rule is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties." *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988).  Bifurcation is, however, intended only to be ordered in exceptional cases. *See Advance Sign Grp., LLC v. Optec Displays, Inc.*, No. 2:07-cv-00380, 2009 WL 1045900, at *1 (S.D. Ohio Apr. 20, 2009).  It may, depending on circumstance, be

appropriate to bifurcate issues of liability from issues of damages, *see Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988), if "'the evidence pertinent to the two issues is wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Johnson v. Swift Transp. Co. of Ariz., LLC*, No. 3:10-cv-00352, 2013 WL 1629201, at *5 (S.D. Ohio Apr. 16, 2013) (quoting *Helminski v. Ayerst Lab'ys*, 766 F.2d 208, 212 (6th Cir. 1985)).  Of course, the ultimate decision is within this Court's discretion, based on the "paramount consideration at all times . . . [of] a fair and impartial trial to all litigants.  Considerations of economy of time, money and convenience of witnesses must yield thereto." *Moss v. Associated Transp., Inc.*, 344 F.2d 23, 26 (6th Cir. 1965) (citation omitted).

This matter does not present the exceptional case that warrants setting aside the usual distaste for a "piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims." *See Advance Sign Grp.*, 2009 WL 1045900, at *1 (quoting WRIGHT & MILLER, 9A FED. PRAC.& PROC. § 2388 (2d ed. 1999)).  A plaintiff, after all, has a "legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action which [she has] brought into the court." *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 217 (6th Cir. 1982).  And, in this case, the "circumstances and atmosphere" include the damages caused by Holloway's alleged negligence—*i.e.*, the injuries that Yukech suffered from the crash.

Considerations of judicial efficiency militate strongly in favor of denying the request for bifurcation.  In exceptionally complex cases, it may be true that bifurcation has the potential to save the parties and the court  time and effort, if a decision on the first issue obviates the need for further proceedings on the second issue.  This case is not, however, an exceptionally complex case.  *Cf. id.* at 216–17 (approving of bifurcation where "further issues of liability among the numerous defendants and of damages would be extensive and expensive" but could "be avoided

2

if they might be mooted by an adverse finding on the causation issue"). There is but one incident at issue. The trial will last only a few days. The witnesses who may testify at trial, though admittedly on "distinct and separable" issues, *see In re Bendectin Litig.*, 857 F.2d at 308 (quoting *Gasoline Prods. Co. v. Champlin Refin. Co.*, 283 U.S. 494, 500 (1931)), are limited in number. Bifurcation, therefore, does not have the benefit of saving judicial resources; in fact, it would likely have the effect of "merely multipl[ying] the burdens of litigation." *Moss*, 344 F.2d at 25.

Finally, though Defendants worry that the introduction of evidence and testimony about Plaintiff's injuries will lead to "an un-bifurcated trial . . . influenced by sympathy," *Cravens v. Cnty. of Wood*, 856 F.2d 753, 755 (6th Cir. 1988); *see also Johnson*, 2013 WL 1629201, at *2, they "point to no particular issues that are not present in the typical case" involving disputes of both liability and damages. *See Zawicki v. Armstrong*, No. 3:16-cv-00453, 2017 WL 6206290, at *6 (M.D. Pa. Dec. 8, 2017). This Court is confident that "any risk of prejudice or juror confusion can be meaningfully addressed through a clear set of jury instructions at trial," even in the most complex of cases. *Fields v. Ashford*, No. 17-cv-11812, 2022 WL 957501, at *1 (E.D. Mich. Mar. 29, 2022) (collecting cases)

Accordingly, Defendant's Motion for Bifurcation (ECF No. 53) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: June 30, 2023**