#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF OHIO
#### EASTERN DIVISION

| | |
|---|---|
| ALLYSON YUKECH, | : |
| | : |
| Plaintiff, | : |
| | : Case No. 2:20-cv-05804 |
| v. | : |
| | : Chief Judge Algenon L. Marbley |
| CALIFORNIA TRANSPORT LLC d/b/a | : Magistrate Judge Kimberly A. Jolson |
| PRIORITY SOLUTIONS GROUP, *et al.*, | : |
| | : |
| Defendants. | : |

#### <u>OPINION & ORDER</u>

This case involves a dispute concerning a vehicle collision between Plaintiff Allyson Yukech and Defendants California Transport, LLC, and Edmon Deon Holloway. This matter is before the Court on Defendants' omnibus Motion *in Limine* (ECF No. 60) and their Motion *in Limine* to Limit Plaintiff's Claim for Noneconomic Damages (ECF No. 61). The omnibus Motion *in Limine* contains six individual motions *in limine*. For the following reasons, this Court **DENIES** all of Defendants' Motions.

#### I.     APPLICABLE LAW

#### A.  Motions *in Limine*

The purpose of a motion *in limine* is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion *in limine*, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio July 16, 2004). Courts should "exclude evidence on a motion in limine only when that evidence is determined to be clearly inadmissible on all potential grounds." *Delay v. Rosenthal Collins Grp., LLC*, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012). Thus, "[w]hen a court is unable to

determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context." *Id*. "Orders in limine which exclude broad categories of evidence should seldom be employed. A better practice is to deal with questions of admissibility as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also Morrison v. Stephenson*, 2008 WL 343176, at *1 (S.D. Ohio Feb. 5, 2008) ("Courts . . . are generally reluctant to grant broad exclusions of evidence in limine, because a court is almost always better situated during the actual trial to assess the value and utility of evidence.") (internal quotation omitted). "Whether or not to grant a motion in limine falls within the sound discretion of the trial court." *Delay*, 2012 WL 5878873, at *2.

### B. Rules of Evidence

Defendants' Motions implicate the Federal Rules of Evidence on relevance (Rules 401, 402, 403) and expert witnesses (Rules 701, 702, and 703).

The relevance rules provide that evidence is relevant, and thus generally admissible, if it "has any tendency to make a fact more or less probable," and so long as "the fact is of consequence in determining the action." Fed. R. Evid. 401, 402. Relevant evidence may be excluded, however, when the court determines that "its probative value is substantially outweighed" by a risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Lay witnesses are restricted in offering opinion testimony, as it must be "rationally based on the witness's perception," "helpful to understanding the witness's testimony or to determining a fact in issue," and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Lay witnesses also are required to have personal knowledge of the matter to which they

testify. Fed. R. Evid. 602. Unlike lay witnesses, expert witnesses generally can testify in the form of an opinion. Fed. R. Evid. 702. Opinion testimony by an expert is "not objectionable just because it embraces an ultimate issue," provided that it stops short of giving legal conclusions. Fed. R. Evid. 704(a). Experts need not have personal knowledge of the matter, and they may base an opinion on facts or data brought to their awareness. Fed. R. Evid. 602, 703. If the expert's opinion rests on otherwise inadmissible evidence, however, the expert may disclose them "only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Id.*

Federal Rule of Civil Procedure 26(a)(2) concerns the pretrial disclosures of an expert witness. The rule generally requires a written report containing "a complete statement of all the opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The report "must only convey the substance of the expert's opinion," and it "need not replicate every word that the expert might say on the stand." *Evans v. Cardinal Health*, 2020 WL 8459004, at *5 (E.D. Mich. Nov. 19, 2020) (internal quotations omitted). Rule 26(e)(2) further mandates that a party must supplement expert witness reports "by the time the party's pretrial disclosures under Rule 26(a)(3) are due," or at least 30 days before trial, Fed. R. Civ. P. 26(a)(3)(B). If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37.

## II. ANALYSIS

### A. Defendants' Omnibus Motions *in Limine*

Defendants' first Motion *in Limine* (the "Omnibus Motions *in Limine*") in fact contains six individual motions in *limine*. This Court addresses each in turn.

*1. To Preclude Plaintiff from Offering Evidence and Witnesses She Did Not Disclose in Discovery*

Defendants first move to preclude Plaintiff from introducing any evidence or witnesses that she has failed to produce or identify by this stage in the litigation. Plaintiff responds that Defendants' Motion is impermissibly vague because it does not identify any evidence or witnesses that have been yet undisclosed.

Federal Rule of Civil Procedure 37 provides that a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37.

Defendants' Motion seeks a blanket ruling by this Court excluding from trial any evidence or witness that Plaintiff has not already disclosed.[1] But Defendants' request ignores the fact that Rule 37 contemplates some instances in which yet unidentified evidence could still be admitted. These are instances in which the Court finds that a party's failure disclose timely certain evidence was nonetheless "substantially justified or is harmless." *Id*. Here, the Court cannot make a determination one way or the other because Defendants fail even to identify what evidence should

---

[1] This Court's ruling also applies to Plaintiff's potential rebuttal witnesses. Plaintiff cannot yet ascertain the identities of her rebuttal witnesses because that depends upon the statements that Defendants' witnesses will make and the evidence that Defendants will present at trial. A blanket ruling preventing Plaintiff from introducing any as-yet-undisclosed rebuttal witness would be thus inappropriate.

be deemed inadmissible. Therefore, Defendants' Motion fails to demonstrate that the evidence at issue is "clearly inadmissible on all potential grounds." *Delay*, LLC, 2012 WL 5878873, at *2. This Court thus **DENIES** Defendants' first Motion *in Limine*.

    *2. To Preclude Plaintiff from Offering Opinions from Any Expert Witness or Treating Medical Provider Outside of the Opinions Included in their Respective Written Reports*

Defendants next move to exclude all opinions that might be offered at trial by Plaintiff's expert witnesses or treating medical providers that were not disclosed in their respective written reports. Defendants argue that any attempt to supplement the potential witnesses' written reports would not be substantially justified or harmless and should be thus denied. Defendants argue that supplementation would not be substantially justified because the potential witnesses' reports were issued long ago and this Court's deadline to disclose expert opinions has passed. Defendants argue that supplementation would prejudice them because Defendants have little time at this late stage in the litigation to review and counter meaningfully any supplemental filings before trial.

Plaintiff counters that Defendants' Motion is impermissibly vague because it fails to identify any opinions that Defendants seek to exclude. Instead, Plaintiff argues, all expert opinions that will be offered at trial have been already disclosed in writing. If an expert testifies in a manner that violates Rule 26, Plaintiff contends, Defendants' proper remedy is to object.

Under Rule 26(e)(2), a party must supplement expert witness reports "by the time the party's pretrial disclosures under Rule 26(a)(3) are due," or at least 30 days before trial, Fed. R. Civ. P. 26(a)(3)(B). Under Rule 37, however, such evidence may still be deemed admissible if the offering party's failure to disclose it timely "was substantially justified or is harmless." Fed. R. Civ. P. 37.

5

Defendants' second Motion is due dismissal for the same reason as the first: it seeks a blanket ruling from this Court to bar evidence that Defendants fail to identify.[2] Without identifying the evidence, Defendants cannot demonstrate that the evidence is "clearly inadmissible on all potential grounds." *Delay*, LLC, 2012 WL 5878873, at *2. They also cannot demonstrate that Plaintiff's failure to offer such evidence previously was unjustified or prejudicial. Fed. R. Civ. P. 37. This Court thus **DENIES** Defendants' second Motion *in Limine*.

3. *To Preclude Plaintiff from Offering any Opinion Testimony from Lay Witnesses Nathan Ullmer, Trooper Kamal Nelson, and Lieutenant Gurjit Grewal Regarding Commercial Truck Safety*

Defendants' third Motion seeks to bar Plaintiff's witnesses Nathan Ullmer, Trooper Kamal Nelson, and Lieutenant Gurjit Grewal from offering any opinion testimony concerning issues of commercial truck safety. Defendants argue that issues of commercial truck safety are irrelevant to this matter because Plaintiff's claims and Defendants' defenses concern alleged violations to traffic rules applicable to *all* drivers. Further, Defendants contend that these witnesses have not been identified nor verified as expert witnesses and are thus unqualified to express opinions concerning commercial truck safety.

Plaintiff counters that Defendants' Motion is merely a complaint that Plaintiff did not specifically identify Ullmer, a "commercial truck driver," as a lay-expert witness. According to Plaintiff, this is inconsequential because Defendants' Motion indicates their awareness of Ullmer's qualifications and scope of knowledge. After all, Plaintiff argues, the purpose of the initial disclosure rule is merely to alert the opponent about the existence of the witness. Plaintiff notes

---

[2] The record contains no indication that Plaintiff is withholding any supplemental expert opinion beyond the expert opinions she already submitted in writing. Absent such evidence, this Court finds no reason to mistrust Plaintiff's representation that she has already disclosed all the expert opinions that she will offer at trial.

that, although she does not anticipate that Ullmer will render any expert opinions, Defendants may object if Ullmer does so. Otherwise, Plaintiff argues, Defendants have not identified what knowledge they believe Plaintiff's witnesses could produce that would violate Rule 701.

The Sixth Circuit has explained that "lay testimony results from a process of reasoning familiar in everyday life, whereas an expert's testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007) (internal quotation marks and citation omitted). Elucidated further by a fellow district court in this circuit, "the fact that [a] witness, by virtue of his or her experience in a business, has knowledge not possessed by the average person does not render the witness's opinion an expert opinion." *United States v. Whaley*, 860 F. Supp. 2d 584, 594 (E.D. Tenn. 2012).

As an initial observation, Defendants have failed once again to identify specifically the potential testimony which would be violative of the rule at issue—Rule 701 in this instance. Defendants' position thus appears to be that all testimony "regarding commercial truck safety" is classifiable properly as expert testimony. This position ignores the fact that a layperson may offer opinion testimony that results from "the particularized knowledge that the witness has by virtue of his or her position in the business." Fed. R. Evid. 701 advisory committee's note (2000). While, for instance, a heavy amphetamine user may be properly permitted as a lay witness to testify that a substance was amphetamine, he is likely barred from testifying about how the narcotic was manufactured. *Id*. (citing *United States v. Westbrook*, 896 F.2d 330 (8th Cir. 1990); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997)).

Similarly, a commercial truck driver's testimony as to the precautions he or she tends to take when operating a commercial vehicle differs from testimony opining upon the scientific basis for those precautions. The Sixth Circuit has acknowledged that, in some cases, "the distinction is

far from clear" between lay testimony and expert testimony. *White*, 492 F.3d at 401. This is one of those instances. Given that the witnesses in question were or are employed in *professional* capacities which likely provide them with knowledge germane to commercial truck safety, whether their testimony is *lay* testimony or *expert* testimony is only determinable on a case-by-case basis. But Defendants do not even identify what particular testimony concerning "commercial truck safety" is improper. It is thus impossible for this Court to find that the witnesses' potential testimony concerning commercial truck safety would be "clearly inadmissible on all potential grounds." *Delay*, LLC, 2012 WL 5878873, at *2.

Defendants also assert, without further argument or specificity, that any testimony concerning "commercial truck safety" would be irrelevant to this case. Given that Plaintiff claims that Defendant Holloway is liable for operating his tractor-trailer in an unsafe (and unlawful) manner, however, this Court disagrees. Although Defendants could have argued that testimony about discrete topics germane to "commercial truck safety" would be irrelevant within the meaning of Rule 401, they do not do so.

For these reasons, Defendants' third Motion *in limine* is **DENIED**.

    4.  *To Preclude Plaintiff from Alleging that her Injuries were "Life-Threatening"*

Defendants' fourth Motion seeks to bar Plaintiff during trial from characterizing her injuries as "life-threatening." After all, Defendants argue, Plaintiff was never listed as being in critical condition because of the accident nor does the record show that Plaintiff required life-saving treatment. Defendants assert that the characterization of Plaintiff's injuries as "life-threatening" is unsupported by the factual evidence and that such language would only "inflame the passions of the jury."

8

Plaintiff responds that Defendants' Motion, based on mere semantics, effectively seeks a "gag order" preventing Plaintiff from characterizing her injuries as "life threatening" because of a disagreement about the term's meaning. According to Plaintiff, her injuries required serious surgical repair and were "life-threatening" because the resulting surgeries were not risk-free. At any rate, Plaintiff offers, Defendants can cross-examine Plaintiff about the risks of her injuries or argue to the jury that Plaintiff is exaggerating her injuries.

Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *Alley v. Bell*, 307 F.3d 380, 396 (6th Cir. 2002).

The parties' debate over whether Plaintiff's injuries were "life-threatening" underscores a critical point: it is the role of the jury to determine issues of fact and of credibility. *United States v. Wilson*, 943 F.2d 53 (6th Cir. 1991). Because Plaintiff must prove her damages as part of her negligence claims against Defendants, whether Plaintiff's injuries were "life-threatening" is an inquiry relevant to establishing Defendants' liability. *See Ohio Turnpike & Infrastructure Commission v. Vlasach*, 7th Dist. No. 17 MA 0139, 2018-Ohio-4017, 120 N.E.3d 105, ¶ 23 (articulating the elements of a negligence claim under Ohio law). This question is thus improper for resolution on a motion *in limine*. *See Joseph v. Joseph*, No. 19-3350, 2022 WL 3536273, at *19 (6th Cir. Aug. 18, 2022) (explaining that "resolving non-evidentiary matters, including factual disputes, through motions in limine 'not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment.'").

To the extent Defendants merely take issue with Plaintiff's *characterization* of her injuries as "life-threatening," they retain the ability to object contemporaneously at trial, to cross-examine

9

witnesses who describe Plaintiff's injuries as such, and to argue to the jury that Plaintiff's injuries are not life-threatening. This Court finds those vehicles more appropriate for resolution of this issue than a ruling precluding Plaintiff from characterizing her injury as life-threatening at all.

For these reasons, Defendants' fourth Motion *in limine* is **DENIED**.

5. *To Preclude Plaintiff from Making Statements or Eliciting Witness Testimony Concerning the General Safety of the Public and the "Golden Rule"*

This Court next considers Defendants' fifth Motion. Although it is not the model of clarity, Defendants' Motion apparently seeks to bar Plaintiff at trial from implying that Defendants' actions were generally unsafe or implicated the safety of the general public. According to Defendants, Plaintiff should focus on the specific facts and alleged injuries in *this* case. Defendants contend that any argument from Plaintiff that their alleged actions implicate community safety concerns would impermissibly ask the jurors to place themselves in Plaintiff's position. Put simply, Defendants contend that Plaintiff cannot discuss community safety because to do so would constitute a type of objectionable argument known as a "Golden Rule" argument.

Plaintiff responds that Defendants' Motion is due dismissal because it merely requests that Plaintiff observe proper trial procedures. Plaintiff argues that her use of the term "safety" does not and would not amount to a "Golden Rule" or community conscience argument, but merely implicates the proper standard of care applicable to this negligence proceeding. Understanding Defendants to intend to preclude Plaintiff's witnesses from stating that Defendant Holloway's manner of driving was abnormally unsafe in some manner, Plaintiff argues that she cannot predict whether her lay witnesses will use objectionable language at some point. If they do, Plaintiff submits, Defendants can object or cross-examine the witnesses about their testimony.

10

The Golden Rule asks for jurors to place themselves in the place of the plaintiff. *Locke v. Swift Transportation Co. of Arizona, LLC*, No. 5:18-CV-00119-TBR, 2019 WL 6037666, at *2 (W.D. Ky. Nov. 14, 2019). As this Court has previously noted, "court[]s disfavor arguments which reference the 'Golden Rule' or ask the jury to put themselves in a party's place." *McNamee v. Nationstar Mortg. LLC*, No. 14-1948, 2021 WL 4860602, at *4 (S.D. Ohio Oct. 19, 2021) (Marbley, J.). This is because "[s]uch arguments invite 'decisions based on bias and prejudice rather than consideration of the facts.'" *Id*. (quoting *Life for Relief & Dev. v. Bank of Am., N.A.*, No. 12-13550, 2017 WL 3616498, at *3–4 (E.D. Mich. Aug. 23, 2017)).

Defendants' speculative Motion fails to identify any potential evidence or testimony which should be arguably barred. Defendants' Motion in effect seeks an Order from this Court instructing Plaintiff only to introduce evidence and testimony that is not objectionable. A court order is not needed to communicate to Plaintiff that which is already evident. This Court otherwise declines Defendants' invitation to make a blanket ruling which would bar Plaintiff from using words which could even *arguably* implicate the Golden Rule. This is especially true where, as here, Defendants' motion is rife with vagueness and light on details. *See Reeder v. Cnty. of Wayne*, No. 15-CV-10177, 2016 WL 3548217, at *3 (E.D. Mich. June 30, 2016) (denying the plaintiff's motion *in limine* because it requested "a blanket ruling on evidence not fully identified and arguments not yet fully developed.").

Defendants may object contemporaneously *in the event* that Plaintiff introduces testimony or evidence that is potentially violative of the restriction against "Golden Rule" arguments. Defendants' fifth Motion is thus **DENIED**.

11

*6. To Admit Plaintiff's Cellular Telephone Records*

Defendants' sixth Motion requests that this Court admit Plaintiff's cellular telephone records at trial. As justification for their request, Defendants note that "[t]here is a question of fact as to whether Plaintiff was driving while distracted at the time of the accident[.]" Plaintiff responds that it is impossible at this juncture to determine the admissibility of the cell phone records because Defendants have not laid a proper foundation for the admission of the records.

Defendants provide no description of the information contained in the cellular phone records. This leaves the Court plainly unable to determine whether the evidence to be offered is admissible. Consequently, this "evidentiary ruling[] [will] be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *United States v. Jacobs*, No. 2:21-CR-053, 2023 WL 3579043, at *2 (S.D. Ohio May 22, 2023) (Marbley, J.).

Defendants' sixth Motion is thus **DENIED**.

## B. Defendants' Motion *in Limine* to Limit Plaintiff's Claim for Noneconomic Damages Pursuant to Ohio Revised Code Section 2315.18

This Court now turns to Defendants' Motion *in Limine* seeking an Order holding that Plaintiff's injuries do not qualify her for an exemption from the limits that O.R.C. § 2315.18 places upon the recovery of noneconomic damages in tort actions. In effect, such an Order would bar Plaintiff from presenting to the jury her anticipated theory that her injuries exempt her from the statutory cap on noneconomic damages. In their Motion, Defendants argue that Plaintiff fails to demonstrate that her injuries rise to the level of severity that warrant an exemption—through either O.R.C. § 2315.18(B)(3)(a) or (b)—from the limitations of the statute.

Plaintiff responds that her documented injuries qualify her, on a factual basis, for an exemption from the limitations of the statute. At any rate, Plaintiff argues, Defendants' Motion is premature and assumes that the jury would award her noneconomic damages exceeding the statutory maximum, if it even awards noneconomic damages at *all*, in this case. Further, Plaintiff argues, the plain language of O.R.C. § 2315.18 contemplates that the determination of whether a scar is "permanent and substantial" is to be resolved either at summary judgment or at trial. Here, Plaintiff contends, Defendants' Motion is actually a thinly veiled motion for summary judgment. The issue with that, according to Plaintiff, is that the deadline for Defendants to file a motion for summary judgment on this issue has long passed. Plaintiff additionally contends that, even if this Court entertains Defendants' Motion, whether her injuries are severe enough to qualify for an exemption is a factual question that should be resolved by the jury.

Ohio Revised Code Section 2315.18 articulates damages frameworks for certain tort actions. Ohio Rev. Code § 2315.18. A fellow court in this district summarized the statutory scheme as follows:

> R.C. 2315.18(B) . . . limits a plaintiff's recovery for noneconomic loss to the greater of (1) $250,000 or (2) three times the economic damages up to a maximum of $ 350,000, or $ 500,000 per single occurrence. *Id.* at § 2315.18(B)(2). There are, however, exceptions to this limit. The noneconomic damages cap does not apply if the plaintiff suffered "[p]ermanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system," or "[p]ermanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities." *Id.* at § 2315.18(B)(3)(a)–(b).

13

*FARM BUREAU GENERAL INSURANCE CO. OF MICHIGAN, Plaintiff, v. SCHNEIDER NATIONAL CARRIERS, INC., et al., Defendants. GREGORY P. CASSELS, et al., Plaintiffs,*, No. 2:20-CV-2523, 2023 WL 4108494, at *13 (S.D. Ohio June 21, 2023).

Defendants' Motion requests that this Court make a *factual* determination that Plaintiff's injuries constitute neither a "[p]ermanent and substantial physical deformity," Ohio Rev. Code § 2315.18(B)(3)(a), nor a "[p]ermanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities," *id*. at § 2315.18(B)(3)(b). Ample authority exists for the proposition that "motions in limine should not be used as disguised motions for summary judgment." *Brown v. Oakland Cnty.*, No. 14-CV-13159, 2015 WL 5317194, at *2 (E.D. Mich. Sept. 10, 2015). Stated a different way by the Sixth Circuit, "[w]here . . . the motion in limine is no more than a rephrased summary-judgment motion, the motion should not be considered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 563 (6th Cir. 2013). Defendants had, and forfeited, the opportunity to move for summary judgment on the issue of Plaintiff's entitlement to the exemptions. (*See* ECF No. 24) (setting a deadline of July 1, 2022, for the parties to file dispositive motions in this matter). The Sixth Circuit has counseled against the use of a motion *in limine* for the purpose of resolving factual disputes. *See, e.g., Louzon*, 718 F.3d at 561–63. This Court accordingly **DENIES** Defendants' Motion.

### III. CONCLUSION

For the foregoing reasons, this Court **DENIES** all six motions *in limine* contained in Defendants' omnibus Motion *in Limine* (ECF No. 60) as well as their Motion *in Limine* to Limit Plaintiff's Claim for Noneconomic Damages (ECF No. 61).

**IT IS SO ORDERED.**

                                                                **ALGENON L. MARBLEY**
                                                                **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 6, 2023**